Manuel Mangabat DEGUZMAN,
Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,
Respondent.

No. 02–73953.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2004.

Decided April 28, 2004.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Patricia A. Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM *

DeGuzman appeals the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings. Because deportation proceedings com-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

menced before April 1, 1997, and the BIA issued its final deportation order after October 30, 1996, we have jurisdiction to review the BIA's decision pursuant to the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. *See* IIRIRA § 309(C)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996).

DeGuzman claims on appeal that, in violation of his due process rights, the Office of the Immigration Judge did not provide him with proper notice of his deportation hearing because the notice of hearing was not sent to his attorney. The Order to Show Cause ("OSC") that was mailed to DeGuzman at his last known address contained the same language as the OSC in *Dobrota v. INS*, 311 F.3d 1206, 1213 (9th Cir.2002), where we held that an alien reasonably relied on the mixed message contained in the OSC to conclude that future notices would be sent to his attorney. Because this case is indistinguishable from *Dobrota*, the BIA abused its discretion in denying the motion to reopen. *Id.* at 1211–12.

**PETITION GRANTED.**